106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Olonzie CLEMMONS, Plaintiff-Appellant,
v.
Larry WILSON; R. Simpson, Counselor; R. Brown, Supervisor
counseling department; James Muranaka, Assist. Supt.;
Kline, Minority Affairs Office, in officer and individual
capacities, Defendants-Appellees.
 No. 95-35973.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 21, 1997.
 
 Before: ALDISERT,** PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 We review de novo the district court's grant of summary judgment on qualified immunity grounds. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995). The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 3
 A reasonable prison official could have believed the transfer of a prisoner to another institution was lawful if it advanced a legitimate penological goal. Schroeder, 55 F.3d at 461. The two reasons offered by the defendants for transferring Clemmons--to avoid potential conflicts between Clemmons and defendant Larry Wilson and to better meet Clemmons's rehabilitative needs--advanced legitimate correctional goals. Id. ("Legitimate goals of a correctional institution include the preservation of internal order and discipline and the maintenance of institutional security."); see also Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (including rehabilitation of prisoners as a legitimate policy and goal).
 
 
 4
 Here, it is undisputed that a potential conflict existed between Wilson and Clemmons. Clemmons submitted a grievance stating that Wilson disclosed confidential information about Clemmons's crimes. Wilson states in his affidavit that Clemmons exhibited stalking behavior towards Wilson's mother while on parole. This potential conflict threatened to disrupt the internal order, discipline and security of the institution. As Assistant Superintendent James Bartlett states in his affidavit: "When there is an interpersonal problem between staff and inmates that may compromise the orderly operation of the institution, the inmate will be transferred. It does not matter whether the conflict is real or imagined."
 
 
 5
 Furthermore, Clemmons's grievance requested a "fast and speedy transfer out of the institution." He cannot now complain that the transfer was retaliatory. As the Magistrate Judge noted, "it is entirely incredible Wilson or other staff would 'retaliate' for filing a grievance by doing exactly what the grievance demands." See Pratt v. Rowland, 65 F.3d 802, 809 (9th Cir.1995) (suggesting that evidence that an inmate requested a transfer negates retaliatory intent). Finally, by transferring Clemmons, a sex offender, to an institution capable of providing him with treatment, the prison officials furthered rehabilitative goals.
 
 
 6
 In these circumstances, we conclude that defendants were advancing legitimate penological goals and that their means were narrowly tailored to achieve those goals. Schroeder, 55 F.3d at 461. The defendants could have reasonably believed that the transfer was lawful. Thus, they are entitled to qualified immunity.
 
 
 7
 Clemmons also contends that, in retaliation for the grievance, Wilson told prison officials a fabricated allegation that Clemmons had stalked Wilson's mother. This claim is without merit. First, Clemmons merely states in his affidavit that the stalking allegation was a "false fabrication." Clemmons does not deny the specific facts alleged by Wilson. See id. at 460 n. 12 (requiring allegations to be sufficiently specific). Second, even if this contention were true, legitimate penological goals justified the transfer. The transfer met Clemmons's rehabilitative needs and maintained internal order by avoiding the potential conflict between Clemmons and Wilson over whether Wilson disclosed information about Clemmons's crimes to other inmates.
 
 
 8
 For these reasons, we conclude that the defendants are entitled to the defense of qualified immunity and that the district court properly granted summary judgment in their favor.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3